ISAAC H. McKEE *et al.*, Plaintiffs in Error, *v.* JOSEPH KINNEY, Defendant in Error.

*Covenant.*—A. sold to B. a part interest in a steamboat, and covenanted to put B. in possession and command of the boat as captain. A. put B. in possession and command, but subsequently B. was removed from his command by the other owners, and another person placed in charge. In a suit upon the covenant by B. against A., *held*, that A. was not bound to maintain B. in his command of the boat.

### *Error to Cooper Circuit Court.*

*Adams*, for plaintiffs in error.

I. In this case, the manifest intention of the parties was to secure McKee in the command of the boat from any interference on the part of the other owners, who held a majority in interest and could at any time legally oust him from such command. It was to guard against the consequences of the exercise of this legal right that the covenant in question was made.

*Stephens, Tompkins, Glover & Shepley*, for defendant in error.

I. The court did not err in sustaining the defendant's demurrer. The contract and petition both show that the objects of the contracting parties were, that defendant Kinney should convey his fourth part of said steamer to plaintiffs absolutely, and at the same time invest plaintiff McKee with full power and authority as master of said steamer. Kinney had no right to grant McKee any extraordinary power as such master, and he did not thereby undertake to do so.

II. In the construction of contracts, courts will look to the objects which the parties had in view; and when there has been a substantial compliance with the obligations assumed, it will be deemed sufficient. (Hovey v. Pitcher, 13 Mo. 191.)

9—VOL. XXXIV.

DRYDEN, Judge, delivered the opinion of the court.

This was an action for the breach of a covenant contained in a bill of sale of a part interest in a steamboat sold by the defendant to the plaintiffs. It appears from the petition that the defendant was part owner and master of the steamer W. H. Russell, his interest in which being one-fourth, he sold to the plaintiffs for five thousand dollars. It is averred in the petition by way of setting out the covenant, the breach of which is complained of, that "the defendant covenanted, and agreed to and with the plaintiffs for the consideration aforesaid, and as a further consideration and inducement to said sale by defendant and purchase by plaintiff, as soon as said steamboat should reach the port of St. Louis, in the State aforesaid, to wit, after the date of said sale, to put the plaintiff Isaac H. McKee in full possession of said boat, and in command or charge of her, to run her and act as her captain; the said McKee being an experienced boatman, having long followed the calling of master or captain, and pilot, of various vessels navigating the waters of said State."

After some other matters, not necessary to be stated here, the petition proceeds to assign a breach of the covenant thus: "But plaintiffs state and aver that said defendant did not comply with nor perform the covenants on his part made with the plaintiffs, in this, to wit—that said defendant did not, as he covenanted to do, put the plaintiff in full possession of said boat, and in command or charge of her to run her and act as her captain, and committed a breach of said covenant; for plaintiffs say and state the fact to be, that the plaintiff McKee, on the 1st day of May, 1860, at the port of St. Louis, took possession of said boat as her master or captain, and navigated the waters of this State with said boat from the time aforesaid until the 23d day of February, 1861, when he, in violation of the covenant aforesaid, was deprived of the command of said steamboat, and one Robert P. Burton was made, against the will of plaintiffs, master and captain of said boat, and as such master and captain is and has been navigating the waters of this State with said boat."

The defendant demurred to the petition and the demurrer was sustained by the Circuit Court, and this is assigned for error.

The question which arises in the case is as to the effect and scope of the covenant relating to the command of the boat. The plaintiffs insist that the covenant bound the defendant not merely to put McKee in possession and command, but to maintain him in such command as long as the boat should continue to float.

There is nothing in the petition (and on demurrer we can resort nowhere else for the facts) to support the position contended for by the plaintiffs. The agreement, as seen in the light of the petition, required of the defendant nothing more than to invest the plaintiff McKee with the possession and command of the boat. This the petition shows was complied with, and in showing it demonstrates that the plaintiffs have no cause of action. Let the judgment of the Circuit Court be affirmed; the other judges concurring.